UNITED STATES of America, Appellee,

v.

Vincent C. PITEO, Defendant-Appellant.

No. 128, Docket 83–1155.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 1983.

Decided Dec. 21, 1983.

Certiorari Denied March 26, 1984.
See 104 S.Ct. 1682.

David S. Michaels, New York City, for defendant-appellant.

Michael E. Norton, Asst. U.S. Atty., S.D. N.Y., New York City (Rudolph Giuliani, U.S. Atty., Barry A. Bohrer, Asst. U.S. Atty., New York City, on brief), for appellee.

Before OAKES, VAN GRAAFEILAND and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Vincent Piteo appeals from an order entered after remand on his earlier appeal. In a trial before Judge Duffy and a jury, Piteo was convicted of three counts relating to the interstate transportation of stolen property. On appeal, all his claims of error, save one, were rejected by summary order and the case was remanded to Judge Duffy to make findings in connection with the denial of Piteo's pretrial motion to dismiss the indictment on Speedy Trial Act grounds. After reviewing Judge Duffy's findings, we affirm.

Under the Speedy Trial Act ("Act"), 18 U.S.C. §§ 3161 et seq., a defendant's trial must begin within seventy days of the indictment or first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Act also provides for the exemption of certain periods from the computation of the allowable seventy days. 18 U.S.C. §§ 3161(h)(1)–(8). Certain of these exemptions are in issue here since Piteo's trial began more than a year after his speedy trial "clock" began to run.

Piteo was arrested on August 29, 1980 and presented before a United States Magistrate on the following day. He was indicted on September 19. In that Mr. Piteo's indictment occurred after his first appearance before a judicial officer, we conclude that his speedy trial "clock" began to run on the date of his indictment, *i.e.* September 19.

Fifty-eight of the allowable seventy days on that clock passed between September 19 and November 16, 1980, the date on which Mr. Piteo's counsel filed various pretrial motions, including a motion to suppress evidence. The filing of these motions suspended the running of his speedy trial clock, for the statute excludes delays resulting "from any pretrial motion, from the filing of the motion through the date of the hearing on, or other prompt disposition of such motion." 18 U.S.C. § 3161(h)(1)(F).

On November 19, 1980, while Mr. Piteo's motions were still pending and the running of his clock was still suspended, a grand jury returned a superseding indictment against him. This indictment also named his sister, Mildred Piteo as a co-conspirator. The defendants were joined for trial. While the superseding indictment did not by itself affect Mr. Piteo's speedy trial clock, it is directly relevant to his appeal because the Act also excludes from the computation "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). On November 21, at the arraignment of the Piteos on the superseding indictment, Judge Duffy set December 12 as the date on which pretrial motions should be filed in connection with the new indictment. Counsel for Ms. Piteo indicated that a conflict would prevent him from going to trial on December 15, the date originally set by Judge Duffy, but no new trial date was set.

Ms. Piteo filed her pretrial motions on December 12, including a motion to suppress similar to her brother's motion. This action caused her speedy trial clock to stop.

Both Piteos filed various papers in connection with the pending motions through January, 1981.

The evidentiary hearing on the suppression motions began on March 10, 1981 and was continued until May 4 at the request of Ms. Piteo's counsel. At the conclusion of the hearing counsel for both Piteos requested and were granted leave to file post-hearing memoranda. Mr. Piteo's counsel filed such a memorandum on May 29; Ms. Piteo's counsel never did, despite his announced intention. At no time during this period did counsel for either Piteo object to delays in bringing his client to trial.

Judge Duffy denied the Piteos' pending motions on September 3, 1981, thus causing the resumption of both speedy trial clocks. On September 15, Mr. Piteo, by motion, raised for the first time a speedy trial claim. This motion was denied without explanation on September 28, 1981, the date of the commencement of the trial. On October 13 the jury convicted Ms. Piteo on all five counts and Mr. Piteo on three of four counts. Mr. Piteo's appeal followed, resulting in an affirmance in all respects save the remand of his speedy trial claim.

On remand Judge Duffy relied upon the statutory provision excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run." 18 U.S.C. § 3161(h)(7). He construed the provision to mean that, in ruling on Mr. Piteo's speedy trial motion, he had first to calculate Ms. Piteo's speedy trial clock to determine whether she was brought to trial within the allowable seventy days. He found that her clock began to run on November 21, the date of her indictment, and was suspended on December 13, 1981, the day after her counsel filed the motions. After this initial passage of twenty-two days, Judge Duffy found that Ms. Piteo's clock did not resume until September 3, 1981, when he ruled on her motions. Judge Duffy excluded the entire intervening period by invoking two of the Act's exemptions: (1) 18 U.S.C. § 3161(h)(1)(F), which excludes a reasonable period following the making of a motion

for purposes of processing it, and (2) 18 U.S.C. § 3161(h)(1)(J), which excludes a period no longer than thirty days during which the court may take a motion under advisement. Judge Duffy noted that he never had Ms. Piteo's motion to suppress "under advisement" within the meaning given that term in *United States v. Bufalino*, 683 F.2d 639 (2d Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983). *Bufalino* held that the advisement period begins once the court has everything it expects from the parties prior to making a decision. *Id.* at 642–44. Because Ms. Piteo's counsel never submitted the promised post-hearing memorandum, the advisement period as defined in *Bufalino* never began to run against Ms. Piteo, although Judge Duffy attributed an unspecified portion of the 264 days from December 13, 1980 through September 3, 1981, during which he was actually considering the pending motions, to the advisement period. The remainder of that period was in Judge Duffy's view excludable as the motion processing period of 18 U.S.C. § 3161(h)(1)(F) as construed in *United States v. Cobb*, 697 F.2d 38 (2d Cir.1982). Judge Duffy further noted the passage of an additional twenty-five days on Ms. Piteo's clock from September 3 to September 28, when trial began. In sum, Judge Duffy concluded that Ms. Piteo was brought to trial after the lapse of but forty-seven days on her speedy trial clock, well within the statutory requirement.

Having concluded that Ms. Piteo was brought to trial within the requirements of the Speedy Trial Act, as defined by *Bufalino* and *Cobb*, Judge Duffy then assessed whether the delay in bringing Mr. Piteo to trial caused by the joinder of his co-defendant sister was reasonable. Judge Duffy concluded that a delay of less than two months to permit a joint trial, especially

given Mr. Piteo's failure to protest or seek severance, was reasonable.[1] Accordingly, Judge Duffy denied Mr. Piteo's motion.

■ We have previously held that in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7). *United States v. Barton*, 647 F.2d 224, 229 n. 5 (2d Cir.), *cert. denied*, 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981). In this computation, a delay attributable to any one defendant is chargeable only to the single controlling clock. *Id.* at 230 n. 5; *United States v. McGrath*, 613 F.2d 361, 366 (2d Cir.1979), *cert. denied*, 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980). So long as the defendants in question are brought to trial within the seventy speedy trial days that began with the clock of the most recently added defendant and so long as any delay is "reasonable," the Speedy Trial Act is not violated. This interpretation is completely consistent with the legislative history of the Speedy Trial Act, which indicates that "the purpose of [18 U.S.C. § 3161(h)(7)] is to make sure that [the Act] does not alter the present rules of severance of defendants by forcing the government to prosecute the first defendant separately or be subject to a speedy trial dismissal motion." S.Rep. No. 1021, 93d Cong.2d Sess. 38 (1974).

■ We conclude, therefore, that Judge Duffy was correct in focusing on Ms. Piteo's clock in ruling on Mr. Piteo's speedy trial motion.[2] We further conclude that Vincent Piteo's trial was not unreasonably delayed. Viewing the various times independently from his sister, Mr. Piteo's motion to suppress came under advisement on May 29, 1981. Taking his speedy trial clock into

---

1. How Judge Duffy concluded that Mr. Piteo's trial was delayed by less than two months is not clear. We calculate that Mr. Piteo's trial was delayed by two and a half months. *See infra.* The difference is not material however.

2. We do, however, express two reservations about his specific calculations: (1) Ms. Piteo's

clock stopped on December 12, 1980, the date she filed her motions, not on December 13 as found by Judge Duffy; and (2) the period from September 15 to September 28 should have been excluded due to the pendency of Mr. Piteo's speedy trial motion.

consideration alone, we find he should have been brought to trial by July 10, 1981—*i.e.* thirty advisement days plus his twelve remaining speedy trial days after his motion was under advisement. Delaying his trial until September 28 cannot be deemed unreasonable. A trial with his sister was clearly desirable and the delay was attributable to her motion to suppress. Since *Bufalino* imposes upon the government a prospective obligation to call to the court's attention the failure of defense counsel to submit a promised memorandum, 683 F.2d at 646, this precise situation cannot recur. Nevertheless, the events here preceded *Bufalino* and the delay in bringing Mr. Piteo to trial is allowable.

Affirmed.