**UNITED STATES of America**

v.

**Donald PAYDEN, Eugene Coleman, and Anthony Grant, Defendants.**

**No. SS 84 Cr. 566 (DNE).**

United States District Court,
S.D. New York.

Nov. 4, 1985.

Robert L. Herbst, New York City, for defendant Anthony Grant.

Murray & Skoff (Francis J. Murray, New York City, of counsel), for defendant Eugene Coleman.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (John K. Carroll, Asst. U.S. Atty., New York City, of counsel), for plaintiff.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendants Donald Payden ("Payden"), Anthony Grant ("Grant") and Eugene Coleman ("Coleman") are charged with conspiring to violate the narcotics laws of the United States in violation of Title 21, Section 846 of the United States Code. Defendant Payden is also charged with heading a continuing criminal enterprise in vio-

lation of 21 U.S.C. § 848 and with distributing, and possessing with intent to distribute, narcotics in violation of 21 U.S.C. § 841. The facts of this case are more fully set forth in other opinions.[1]

Defendants Grant and Coleman have moved pursuant to 18 U.S.C. § 3162, to dismiss the indictment with prejudice, on the ground that they were not brought to trial within the time mandated by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the "Act"). These motions are denied.

## DISCUSSION

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of the filing of the indictment or from the date of the defendant's first appearance before a judicial officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). There are a number of exclusions to the seventy day period. For the purposes of these motions, however, only one exclusion need be addressed—the "joinder with codefendant exclusion" contained in 18 U.S.C. § 3161(h)(7).

*Requirement that Defendant Move for Severance*

Section 3161(h)(7) of the Act provides that "[a] reasonable period of delay [may be excluded] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The effect of this provision is that a unitary "Speedy Trial Clock" is applied to all of the defendants: an exclusion of time for one defendant is applicable to all. *E.g., United States v. Piteo,* 726 F.2d 50, 52 (2d Cir.1983), *cert. denied,* 466 U.S. 905, 104 S.Ct. 1682, 80 L.Ed.2d 156 (1984); *United States v. Campbell,* 706 F.2d 1138 (11th Cir.1983). The motions by Grant and Coleman are based on (h)(7). They claim that the exclusions applied to them based on this provi-

---

1. *United States v. Payden,* 613 F.Supp. 800 (S.D.N.Y.1985); *United States v. Payden,* 609 F.Supp. 1273 (S.D.N.Y.1985), *aff'd,* 768 F.2d 487 (2d Cir. 1985); *in re Grand Jury Subpoena Duces Tecum*

*Dated Jan. 2, 1985 (Simels),* 605 F.Supp. 839 (S.D.N.Y.1985), *rev'd,* 767 F.2d 26 (2d Cir.1985); *United States v. Payden,* 598 F.Supp. 1388 (S.D. N.Y.1984), *rev'd,* 759 F.2d 202 (2d Cir.1985).

sion are "unreasonable" and that absent these imputed exclusions, the Speedy Trial Clock has run as to them. Defendants' claims are unfounded.

■ To invoke the reasonableness limitation of (h)(7), as opposed to an unqualified imputation of excludable time, two conditions must be satisfied. First, the "Speedy Trial Clock" must not have run on the "codefendant"; and second, "no motion for severance has been granted." The language of section (h)(7) is ambiguous, however, regarding whether the second condition requires a severance motion to be filed and denied in order to invoke the reasonableness limitation. The Act states simply "and no motion for severance has been granted." There are two possible situations where "no motion . . . has been granted." The first is a case in which no motion has been made. The second is where a motion has been made and denied. The court has examined the legislative history and cases applying the (h)(7) exclusion and finds that both sources indicate that a severance motion must be filed and denied in order to invoke the reasonableness limitation.

The language "no motion for severance has been granted" replaced language in the bill introduced by Representative Mikva in 1971. The Mikva Bill stated:

A reasonable period of delay [is excludable] when the defendant is joined for trial with a codefendant as to whom time for trial has not run and *there is good cause for not granting a severance. In all other cases, the defendant shall be granted a severance so that he may be tried within the time limits applicable to him.*

H.R. 7107, 92d Cong., 1st Sess. (1971) (emphasis added). Under this version of the statute, a motion for severance clearly was contemplated. The original language was changed in a later draft of the statute introduced by Senator Ervin, S. 754, 93d Cong., 1st Sess. (1973), to include the language that appears in the present statute. This change in language was intended to ensure that the burden of proof regarding severance, which had always been on the defendant, was not shifted to the government by the statute. The original language was thought to have shifted the burden of proof from the defendant to the government. A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 134 (1980) (quoting comments on bill in Letter to Senator Ervin from Assistant Attorney General William H. Rehnquist, Oct. 19, 1971).[2] Thus, the original language of the statute together with the reasons for its change indicate that the requirement for a severance motion survived the change in language.

This interpretation of (h)(7) is consistent with the purpose of the "codefendant exclusion" which "was to avoid requiring the government to seek severance in multi-defendant trials." *United States v. Campbell*, 706 F.2d 1138, 1142 (11th Cir.1983). As noted by then Assistant Attorney General Rehnquist: "[t]he efficiency and economy of joint trials far outweighs the desirability of granting a severance where the criterion is simply the passage of time." Explanation of Proposed Amendments in Letter to Senator Ervin from Assistant Attorney General William H. Rehnquist, Oct. 19, 1971, *quoted in* A. Partridge, *supra,* at 134; *accord United States v. Rush,* 738 F.2d 497, 503 (1st Cir.1984) (noting congres-

---

**2.** The proposed amendment to the statute submitted by the Department of Justice included the following:

The period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run. The granting of a continuance as to one defendant shall be an exclusion from the time limits of section 3161 as to all defendants in that case. Actual prejudice to a defendant resulting from this period of delay must be demonstrated by

such defendant if a severance is to be granted to him.

Department of Justice Proposed Amendments to Title I of S. 895, *reprinted in* A. Partridge, *supra,* at 134. A severance motion was clearly contemplated under this proposal to clarify the burden of proof regarding severance. The language eventually adopted was intended to address the concerns of the Justice Department. The source of the final language, however, is unknown.

sional intent "of avoiding waste of resources on unnecessary severances and separate trials."), *cert. denied,* 105 S.Ct. 1355 (1985). *See also* Hearings on the 1972 Senate Subcommittee Bill, S. 754, 93d Cong., 1st Sess. (1972) (Testimony of Deputy Attorney General Joseph T. Sneed) (" 'In multiple defendant cases, *such as major narcotic conspiracies,* judges may be forced to grant severances which would otherwise not be required. This in turn would lead to more trial and more congestion.' ") (emphasis added). A severance motion requirement results in the unitary clock being used up to the point of the severance motion without regard to reasonableness. Thus, more joint trials may be conducted.

There is a split among the courts regarding the severance requirement. *United States v. Mitchell,* 723 F.2d 1040, 1048 (1st Cir.1983). A review of the cases applying (h)(7) establishes that this requirement has been imposed explicitly in at least one instance and may have been imposed *sub silentio* by a number of other courts.

In *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983), the First Circuit explicitly stated that the defendant's failure to move for severance "amounted to a waiver of any claim that (h)(7) exclusion was not properly applied." *Id.* at 1048. This is the only court to confront this issue specifically. Other courts, not directly addressing the issue, simply have noted that the defendant had not made a motion for sever-

ance and therefore imputed all of the co-defendant's excludable time. These courts maintained the unitary clock. The analysis of the exclusions did not depend on the reasonableness of the time period. *See United States v. Sarro,* 742 F.2d 1286, 1299 (11th Cir.1984) (speedy trial claim dismissed because "no motion for severance had been granted" where no pretrial motions had been made); *cf. United States v. Dennis,* 737 F.2d 617, 620–22 (7th Cir.1984) (constitutional speedy trial claim dismissed because 144 day delay was reasonable and not prejudicial "and Dennis at no time moved to sever his case"), *cert. denied,* —— U.S. ——, 105 S.Ct. 215, 83 L.Ed.2d 145 (1985). *But see United States v. Darby,* 744 F.2d 1508, 1516–19 (11th Cir.1984) (recognizing a reasonableness limitation on the application of excludable time from one codefendant to another without noting whether or not severance motion had been made); *United States v. Novak,* 715 F.2d 810, 814–16 (3d Cir.1983) (same), *cert. denied,* —— U.S. ——, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984).[3]

The effect of the severance motion requirement is that a unitary clock is maintained for all defendants until a defendant seeks a severance. If the severance motion is granted, the severed defendant will operate on a separate Speedy Trial Clock including any days counted under the unitary clock, commencing from the date the motion is decided.[4] If the severance mo-

---

**3.** The court in *Novak* discusses the Federal Guidelines for the implementation of the Speedy Trial Act. 715 F.2d at 815. The Guidelines state that the starting date for excludable time under 18 U.S.C. § 3161(h)(1)(7) is "the day following the day that would otherwise have been the last day for the commencement of trial for the particular defendant." Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, As Amended, at 58–59 (Dec. 1979 Revision). The Guidelines further state that the ending date is:

the latest permissible date for commencement of the trial of any codefendant with whom the defendant is joined for trial. In the situation in which the (h)(7) exclusion is based on an exclusion applicable to a codefendant, the

ending date is the ending date of the codefendant's exclusion. In either case, if the joinder ends because of a guilty plea, severance, or other reason, while the (h)(7) exclusion is running, the ending date of the excludable period will be the date on which the joinder ends.

*Id.* at 59. The Guidelines clearly do not include a reasonableness limitation. The court in *Novak* grafted such a limitation onto the guidelines, which this court declines to do.

**4.** For example, if 20 days had elapsed on the unitary clock, the severed defendant would have to be brought to trial within 50 days of the granting of the severance motion assuming no additional time is excluded. In computing the time, the delay relating to the motion for severance will be excludable as to all defendants pursuant to 18 U.S.C. § 3161(h)(1)(F).

tion is denied, the unitary clock will continue with the limitation that any further time imputed to the "Unsevered Defendant"[5] must be "reasonable." The determination of reasonableness, will of course, take into account any time previously imputed to the "Unsevered Defendant" under 18 U.S.C. § 3161(h)(7) prior to making the severance motion. Thus, if an extended period of time has already been imputed to the defendant seeking severance, any additional imputed time may be deemed unreasonable.[6] If the court finds that no additional imputation of time would be reasonable, while denying the motion for severance, then the "Unsevered Defendant" would, in effect, no longer be operating under the unitary clock from the time of the court's determination of the severance motion.[7]

 In sum, the court finds that the reasonableness limitation on the (h)(7) exclusion is imposed only after a severance motion has been made and denied.[8] In this case, defendants have failed to meet such condition. No motion for severance has been made. Accordingly, the motions for dismissal of the indictment filed by Coleman and Grant are denied.

### Reasonable Imputed Time

Grant's first appearance was on August 23, 1984. Coleman first appeared on October 23, 1984 pursuant to the superseding indictment. Both defendants concede direct exclusions relating to the filing of letters by which they joined in defendant Payden's pretrial motions. See 18 U.S.C. § 3161(h)(1)(F), (J). Coleman concedes excludable time totaling 59 days and Grant concedes a period of 56 days. In addition, Coleman and Grant also note that they agreed that the period between September 12 and October 15, 1985 was excludible. A period of approximately seven months remains which Coleman and Grant claim is "unreasonable" within the meaning of 18 U.S.C. § 3161(h)(1)(J), resulting in a violation of the Speedy Trial Act.

The first point which must be addressed is Coleman and Grant's seven month esti-

---

**5.** An "Unsevered Defendant" is a defendant who has filed a motion for severance which has been denied.

**6.** This "reasonableness" determination would be made as part of the court's ruling on defendant's motion to sever.

**7.** If the motion is denied under these circumstances and the government desired to try all codefendants at one time, it would be compelled to commence trial within the time remaining on the "Unsevered Defendant's" clock considering all applicable direct exclusions. The "Unsevered Defendant's" clock controls because his Speedy Trial time will run on or before that of any other defendant.

**8.** It is doubtful that such a situation would occur, because the finding that no additional imputed time would be reasonable is a basis for granting the motion for severance. See R. Misner, Speedy Trial Federal and State Practice § 17-9.2, at 275 (1983).

The severance motion has the effect of raising the defendant's objection to waiting for his codefendant to be brought to trial. Without this motion, the unitary clock will continue to be used. The requirement of making the severance motion is not in conflict with the Supreme Court's opinion in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which held that there was no requirement that a defendant voice an objection to the setting of a trial date or demand a speedy trial to preserve his constitutional right to a speedy trial, *id.* at 523–28, 92 S.Ct. at 2188–91. The requirement of the severance motion is applicable only to the *statutory* speedy trial claim and the failure to move for a severance in no way prejudices a defendant's *constitutional* speedy trial claim. *Cf. United States v. Quinones,* S 84 Cr. 625 (CBM), slip op. at 7 (S.D.N.Y. May 9, 1985) (Opinion) (defendant's failure to object to exclusion of time constituted waiver of right to object to exclusions under the Speedy Trial Act). A review of compliance with the Act presents a question of statutory interpretation, while satisfying the sixth amendment guarantee is guided by *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *United States v. Gonzalez,* 671 F.2d 441, 443 (11th Cir.), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982). *See generally* Note, *The Speedy Trial Act: Conflict Among the Circuits,* 29 Buffalo L.Rev. 149, 153–54 (1980) (noting differences between statutory and constitutional speedy trial rights). Coleman and Grant have based their motion solely on the statutory provisions therefore the court need not consider a claim under the sixth amendment. *See* 18 U.S.C. § 3173 ("No provision of this chapter shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution.").

mate of unexplained delay. The seven month period claimed by Coleman and Grant to be the result of imputed exclusions is inaccurate. There are other direct exclusions which Coleman and Grant have failed to account for.

Both defendants fail to consider the time excluded to allow adequate trial preparation based on the complex nature of this case and the interest of justice, 18 U.S.C. § 3161(h)(8)(B)(ii). This exclusion was requested by Mr. Payden's attorney, Mr. Simels, at conferences on October 17 and 31, 1984. Mr. Simels listened to over 3,000 tape recordings to prepare for trial and to file numerous pretrial motions. Grant and Coleman benefitted from this effort by joining in the motions. They cannot disavow the direct exclusion based on the preparation of the motions after joining in them. Accordingly, the time involved in preparing these motions is directly excludable as to Grant and Coleman.

Further, the court discussed the Speedy Trial problem at numerous pretrial conferences and hearings and made exclusions based on the complex nature of the case. The exclusions were discussed by all counsel. See, e.g., Pretrial Conference October 17, 1984; Pretrial Conference October 31, 1984; Pretrial Conference July 11, 1985; Pretrial Conference September 4, 1985. Thus, the seven month period alleged by Grant and Coleman is grossly inaccurate.

Assuming, *arguendo*, that the seven month figure is correct and further assuming that Coleman and Grant made severance motions at an early stage of this action such as at their arraignments, the speedy trial claims would still be denied. The court finds that the seven month period is reasonable. In complex cases such as this,[9] similar periods of time and longer have been imputed to codefendants and were found to be reasonable. *See, e.g., United States v. Anello,* 765 F.2d 253, 255–58 (1st Cir.1985) (568 days excluded); *Unit-*

ed States v. Mitchell, 723 F.2d 1040, 1048 (1st Cir.1983) (223 days deemed reasonable); *United States v. Horton,* 705 F.2d 1414, 1416 (5th Cir.1983) (despite fact that 280 days elapsed between the time of defendant's first appearance and the time of trial, 70 day period of Speedy Trial Act was not violated where at least 183 of those days represented time between filing of defendant's pretrial motion and disposition of motion, and additional 30 days were charged to time that proceeding was under court's advisement), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1984); *United States v. Baldinucci,* SSS 84 Cr. 236 (WCC), slip op. at 6–8 (S.D.N.Y. Apr. 18, 1985) (Opinion and Order) (7 months excluded); *cf. United States v. Dennis,* 737 F.2d 617, 621 (7th Cir.1984) (144 day delay preceeding defendant's trial was not "presumptively prejudicial" within the meaning of the sixth amendment right to speedy trial as interpreted in *Barker v. Wingo,* 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)), *cert. denied,* — U.S. ——, 105 S.Ct. 215, 83 L.Ed.2d 145 (1985); *United States v. Felton,* 592 F.Supp. 172, 185–86 (in complex case where defendants were charged with conspiracy and distribution of marijuanna, eighteen month delay held not to be excessive within meaning of *Barker*), *rev'd on other grounds,* 753 F.2d 276 (3d Cir.1985).

It must also be noted that the court has repeatedly advised the parties that trial could be commenced as soon as the defendants indicated that they were ready. *In re Grand Jury Subpoena Dated Jan. 2, 1985 (Simels),* 605 F.Supp. 839, 848 n. 12 (S.D.N.Y.), *rev'd on other grounds,* 767 F.2d 26 (2d Cir.1985); *United States v. Payden,* 598 F.Supp. 1388, 1395 (S.D.N.Y.1984), *rev'd on other grounds,* 759 F.2d 202 (2d Cir.1985). There was no indication from Grant or Coleman that they were prepared to proceed to trial.

---

**9.** Defendants Coleman and Grant, of course, cannot claim that this case is only complex as to Payden and not as to them. As Judge Connor noted: "Excludable time is not calculated separately on the basis whether the defendant could

be brought to trial sooner were he not joined with others." *United States v. Baldinucci,* No. SSS 84 Cr. 236 (WCC), slip op. at 6 (S.D.N.Y. Apr. 18, 1985).

## CONCLUSION

The motions to dismiss the indictment based on the failure to commence trial within the time required by the Speedy Trial Act filed by defendants Coleman and Grant are hereby denied.

SO ORDERED.