■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL RULLO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.),

rendered April 30, 1982, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Eiber, J.), of defendant's motion to dismiss the indictment for failure to provide him with a speedy trial.

Judgment affirmed.

Defendant was indicted, along with three codefendants, on February 6, 1979. He had been arrested two days earlier at the customs area of JFK airport, and charged, *inter alia,* with criminal possession of a controlled substance in the first degree.

Some 22 months later, defendant moved to dismiss the indictment against him on the ground that he had not been afforded a speedy trial. Criminal Term determined that the delay resulting from the failure of the prosecution to proceed to trial was less than the six-month period allowed pursuant to CPL 30.30. Further, it found that much of the delay was due to the many adjournments requested by the attorneys for the defendant and his codefendants.

On appeal, defendant, who waived his statutory speedy trial claim by pleading guilty *(see, People v Thill,* 52 NY2d 1020), contends that Criminal Term should have apportioned the periods of delay among the individual defendants. He argues that the failure to do so deprived him of his constitutional right to a speedy trial.

A review of the record demonstrates that defendant's attorney freely agreed to those adjournments requested by the attorneys for the codefendants. Defendant, who was not incarcerated during the period at issue, was charged with an extremely serious crime, and there is no indication that his defense was impaired by reason of the delay. Therefore, applying the standards set forth in *People v Taranovich* (37 NY2d 442), we find that there was no deprivation of defendant's constitutional right to a speedy trial. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.