**UNITED STATES of America,**

v.

**Marat BALAGULA, Ilya Zeltser, Benjamin Nayfield, Dimitri Drozdov, Boris Rosenbaum, and Alexander Golubchik, Defendants.**

**No. 85 CR 605.**

United States District Court,
E.D. New York.

Feb. 21, 1986.

**6.**  At the most recent conference of counsel this     estimated range of expenditure was discussed.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for U.S.; Thomas Milton, Asst. U.S. Atty., of counsel.

Joel Ezra, New York City, for defendant Marat Balagula.

## MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

Defendant Marat Balagula moves to dismiss the indictment against him, pursuant to § 3162(a)(2) of Title 18 of the United States Code, on the ground that he has not been tried within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.* The basis for this motion is that the judge to whom this case previously was assigned erred in excluding certain periods from the speedy trial clock.

*Facts*

Balagula was arraigned on October 22, 1985, along with five others, on charges of credit card fraud, at which time the court scheduled a status conference for November 22, 1985, and set a trial date of December 9, 1985. At the November 22 status conference, counsel for two of Balagula's co-defendants, Nayfield and Zeltser, notified the court of a federal grand jury investigation pending at that time in Pennsylvania concerning "some of the same defendants" and involving "similar witnesses and in fact, just about the same transaction." (Transcript, Nov. 11, 1985 at p. 5). Counsel further indicated that, based on their discussions with the Assistant United States Attorney (AUSA) in the Pennsylvania case, "at least two of the defendants [in the New York case] will be indicted in Philadelphia" within two weeks. (*Id.* at p. 13). Zeltser and Nayfield therefore requested a continuance so that they could assess the impact of the Pennsylvania indictment on their case here and file motions in Pennsylvania for consolidation of the New York and Pennsylvania prosecutions pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The AUSA in New York confirmed, at the November 22 status conference, that a grand jury investigation was pending in Pennsylvania on related charges and that some action would be taken there within the next month. (*Id.* at p. 6).

The court granted a continuance from November 22, 1985, to January 10, 1986, and further ordered that that period be deemed an excludable delay for speedy trial purposes in the interests of justice under 18 U.S.C. § 3161(h)(8). The court found, on the record, that the ends of justice outweighed the interests of the public and the defendants in a speedy trial as required by § 3161(h)(8)(A). This finding was based on (1) the fact that several defendants were involved in the Pennsylvania investigation concerning related fraudulent credit card

transactions and were likely to be indicted there; (2) the need for those defendants in both cases to assess the impact of the Pennsylvania case; (3) the intention of two defendants to move in Pennsylvania for consolidation, as well as a statement by the AUSA here that he intended to discuss consolidation with his counterpart in Pennsylvania; (4) the waste of time and resources for the court and the defendants of trying both cases before resolving the issue of consolidation; (5) the likelihood that these concerns would not be resolved before the scheduled trial date of December 9, 1985; and (6) the fact that counsel for several of the defendants indicated that they had conflicts which made them unavailable for trial before the beginning of this year.

With the exception of Balagula, all defendants and the government agreed to the continuance and order of excludable delay. Balagula objected to the continuance and the order of excludable delay, asserting that the reasons therefore were inapplicable to him and that he was ready to proceed to trial immediately. The court noted on the record that, unless Balagula moved for severance, the excludable delay applicable to his co-defendants would apply to him by virtue of § 3161(h)(7) which section provides for exclusion of "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Balagula indicated his intention to file such a motion, but did not do so.

On December 12, 1985, defendants Balagula, Zeltser and Nayfield were named, along with nine other persons, in a multicount indictment in Pennsylvania charging them with fraudulent credit card transactions. At a conference before the court on January 10, 1986, Zeltser and Nayfield indicated they would move in Pennsylvania for consolidation in the next week. Balagula, on the other hand, although now indicted in the Pennsylvania case, asserted his desire to proceed to trial immediately and that he would move for severance "by the end of next week." However, no such motion was

made. The court, noting the absence at that time of any motions either before the New York or Pennsylvania court, refused to toll the speedy trial clock any further and set January 27, 1985, as a trial date, over Balagula's objection that he needed *more* time to review the evidence against him in the Pennsylvania case.

On January 13, 1986, Balagula, by letter to the court, stated that he would not move for severance, and instead, on January 17, 1986, filed the present speedy trial motion. Defendants Zeltser and Nayfield filed motions to consolidate in Pennsylvania on January 17, 1986, which motions are scheduled to be heard on February 19, 1986.

By the court's calculations, 46 days of the speedy trial clock had elapsed by November 22, 1985, when the court entered its order of excludable delay. If that order was in error with regard to Balagula, then the 70 day period within which Balagula should have been brought to trial expired on December 16, 1985 and the indictment against him must be dismissed. If, on the other hand, the November 22, 1985 to January 10, 1986 period was properly excluded, then Balagula's speedy trial clock was tolled at 46 days until January 10, 1986. Another 7 days of the total 70 days elapsed between January 10 and January 17, 1986, at which time Balagula filed this speedy trial motion and defendants Zeltser and Nayfield filed their motions to consolidate in Pennsylvania. It is undisputed by the parties that these latter motions currently toll the speedy trial clock pending their resolution by the court, under § 3161(h)(1)(G), following which there will remain 17 days on the speedy trial clock within which to try the defendants, barring any further exclusions of time.

Balagula attacks the November 22, 1985 to January 10, 1986 order of excludable delay on several grounds. He asserts that (1) the court failed to weigh the relevant factors and make the appropriate findings on the record to support an "ends of justice" exclusion, as required by the statute; (2) even if the court properly created a

record, its reasons did not support an ends of justice delay and thus the court abused its discretion in ordering the exclusion; and (3) even if such exclusion was proper with regard to Nayfield and Zeltser, it was unreasonable to apply it to Balagula.

*Discussion*

Under 18 U.S.C. § 3161(c)(1) a defendant must be tried within 70 days from the date of indictment or the defendant's first appearance, subject to certain exclusions of time as provided in § 3161(h). Section 3161(h)(8)(A), relied upon by the court to exclude the November 22, 1985 to January 10, 1986 period, provides for exclusion of

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Subsection (h)(8)(B) lists several factors that the court should consider "among others" in determining whether to grant an ends of justice continuance.

■ Turning to Balagula's first two contentions regarding the validity of the court's ends of justice continuance, it is clear that the circumstances before the court on November 22, 1985 justified a continuance under (h)(8)(A), and that the court made the appropriate findings on the record, as described above. Contrary to Balagula's suggestion, the court is not required, when setting forth its reasons, to invoke the language of and explicitly weigh

all four of the factors listed in (h)(8). Rather the court is to "consider" those which are relevant and set forth the reasons for delay on the record so as to provide the appellate court with an adequate record for review. *United States v. Tunnessen*, 763 F.2d 74, 77 (2d Cir.1985).

■ Here the court found that a continuance was justified by (1) the unusual nature of the prosecution [§ 3161(h)(8)(B)(ii)], involving parallel prosecutions of several of the defendants in two jurisdictions; (2) the defendants' expressed need for additional time to prepare adequately for trial in view of the pending Pennsylvania investigation and indictment [§ 3161(h)(8)(B)(ii)]; (3) the possible injustice to those defendants indicted in both jurisdictions of requiring them to defend two cases which properly should be consolidated [§ 3161(h)(8)(B)(i)]; and (4) the inability of several of the defendants to obtain counsel if trial proceeded as scheduled, on December 9, 1985 [§ 3161(h)(8)(B)(iv)]. Nor, of course, is the court limited to the factors listed in the statute, and it was proper, therefore, for the court also to consider the waste of both judicial, and the defendants', resources in proceeding with what may be duplicative actions. The cases cited by Balagula are inapposite in that they concern the failure of the court to make *any* findings on the record at the appropriate time. *See, e.g., United States v. Tunnessen, supra; United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir.1984); *United States v. Richmond*, 735 F.2d 208, 216 (6th Cir.1984); *United States v. Janik*, 723 F.2d 537, 544–45 (7th Cir.1983). In light of the case law and the circumstances described above, this court cannot find that the ends of justice continuance was improper.

Given that the continuance was proper, the remaining issue is whether the excludable delay is applicable to Balagula. The court found, on November 22, 1985, that the exclusion granted at the request of Nayfield and Zeltser was applicable to Balagula under § 3161(h)(7), quoted above.

It is settled that this provision creates a "unitary 'Speedy Trial Clock' for all of the defendants: an exclusion of time for one defendant is applicable to all." *United States v. Payden,* 620 F.Supp. 1426, 1427 (S.D.N.Y.1985); *United States v. Piteo,* 726 F.2d 50, 52 (2d Cir.1983), *cert. denied,* 466 U.S. 905, 104 S.Ct. 1682, 80 L.Ed.2d 156 (1984); *United States v. Novak,* 715 F.2d 810 (3d Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). The exclusion reflects Congress's strong preference for joint trials and for "avoiding waste of resources on unnecessary severances and separate trials." *United States v. Rush,* 738 F.2d 497, 503 (1st Cir.1984), *cert. denied,* ── U.S. ──, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985); *United States v. Campbell,* 706 F.2d 1138 (11th Cir.1983).

■■■ Balagula asserts that, by the terms of subsection (h)(7), the exclusion is applicable to him only if it is "reasonable." The court notes that it has been held that the 'reasonableness' requirement of (h)(7) does not apply where, as here, there has been no motion for severance. *United States v. Payden,* 620 F.Supp. 1426 (S.D.N.Y.1985) (failure to move for severance is waiver of any claim that (h)(7) exclusion was not reasonable); *see United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983). However, assuming the reasonableness requirement applies here, the court cannot find that the delay here was an unreasonable time to give the defendants to assess the impact of the Pennsylvania prosecution and file appropriate motions, as well as to assure availability of counsel for all the defendants. Nor was the delay unreasonable with regard to Balagula, particularly in view of the fact that he is not incarcerated, that in fact he has been permitted to travel out of the country on business on several occasions since his indictment here, and that he has failed to specify any other prejudice to his ability to defend this case caused by the delay. *See United States v. Piteo,* 726 F.2d 50 (2d Cir.1983) (2½ months delay reasonable); *United States v. Dennis,* 737 F.2d 617, 620–22 (7th Cir.1984) (three month delay reasonable); *United States v. Solomon,* 753 F.2d 1522 (9th Cir.

1985) (incarceration and disruption of defendant's life caused by six month delay do not make delay unreasonable); *United States v. Payden,* 620 F.Supp. 1426 (S.D.N.Y.1985) (seven month delay reasonable); *United States v. Felton,* 592 F.Supp. 172 (W.D.Pa.1984) (one year delay while co-defendant is fugitive is reasonable). The delay in this case of less than two months attributable to the request of Balagula's co-defendants is not unreasonable with regard to Balagula. Accordingly, Balagula's motion must be denied.

SO ORDERED.