OPINION OF THE COURT
Jerome M. Kay, J.
Defendants Lawrence Barnett, Dennis Thomas and Alexie *1128 Therman, charged with Penal Law § 120.00, assault in the third degree, and Penal Law § 265.01, criminal possession of a weapon in the fourth degree (two counts), move this court to dismiss the charges against them contending that their CPL 30.30 right to a speedy trial has been violated.
Defendants were arrested and charged with felonies on August 16, 1986; the charges, however, were reduced to the above-mentioned misdemeanors on October 1, 1986 at which time the defendants were rearraigned. A corroborating affidavit was filed and a contemporaneous statement of readiness was made by the People on January 14, 1987.
Pursuant to CPL 30.30 (5) (c), the People had 90 days from the filing of the new accusatory instrument containing the reduced charges (Oct. 1, 1986 plus 90 days or Dec. 30, 1986) plus any excludable time. The record reveals that on October 23, 1986, defendant Lawrence Barnett was absent and a bench warrant was ordered but stayed. The matter was adjourned for 32 days by the court until November 25, 1986. Defendants Thomas and Therman, however, were present on October 23, 1986. While the People concede that the bulk of the time between October 1, 1986 and January 14, 1987 should be charged to them, they do take exception to the 32-day period between October 23, 1986 and November 25, 1986 contending that defendant Barnett’s absence rendered the 32-day period excludable with reference to him pursuant to CPL 30.30 (4) (c) and excludable with reference to defendants Thomas and Therman pursuant to CPL 30.30 (4) (d), thereby extending the People’s time within which to be ready on the case to January 31, 1987.
CPL 30.30 (4) (d) reads:
"the following periods must be excluded * * *
"(d) a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance”.
Because of the paucity of cases written on CPL 30.30 (4) (d), the court has examined its Federal counterpart, the Federal Speedy Trial Act of 1974 (18 USC § 3161 [h] [7]), which states in pertinent part:
"(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence * * *
*1129 "(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.”
Case law regarding this Federal statute states that this provision creates a unitary speedy trial clock in a criminal action for all defendants whereby exclusion of time for one defendant is applicable to all defendants. (United States v Balagula, 629 F Supp 394 [NY 1986], citing United States v Payden, 620 F Supp 1426 [SD NY 1985]; United States v Piteo, 726 F2d 50 [2d Cir 1983], cert denied 466 US 905 [1984]; United States v Novak, 715 F2d 810 [3d Cir 1983], cert denied sub nom. Arabia v United States, 465 US 1030 [1984]; see also, United States v Zielie, 734 F2d 1447 [11th Cir 1984]; United States v Sutton, 801 F2d 1346 [DC App 1986].) The underlying reason for this, as stated by the court, is that there is a strong congressional preference for joint trials and for " 'avoiding waste of resources on unnecessary severances and separate trials.’ ” (People v Balagula, supra, at 398, citing United States v Rush, 738 F2d 497 [1st Cir 1984], cert denied 470 US 1004 [1985]; United States v Campbell, 706 F2d 1138 [11th Cir 1983]; see also, United States v Scott, 784 F2d 787 [7th Cir 1986].)
Following this reasoning, it is logical that CPL 30.30 also contemplates a singular trial clock which is evidenced by its very wording, "[A] motion [to dismiss] * * * must be granted where the people are not ready for trial within * * * [a specified period of time] of the commencement of a criminal action”. (CPL 30.30 [1]; emphasis supplied.) Similarly, in the CPU’s definition of a "criminal action” and "commencement of criminal action” (CPL 1.20 [16], [17]), it is the court’s opinion that the New York Legislature also contemplated a singular starting point for the action. The filing of the initial accusatory instrument signals the commencement of the action notwithstanding the addition of subsequent instruments derived from the initial one, which revert back to the singular starting point for CPL 30.30 purposes. Furthermore, the Court of Appeals in People v Osgood (52 NY2d 37) makes it quite clear that for one set of criminal charges, there is but one criminal action.
In a criminal action involving multiple defendants, the "action” travels through the system as a unit (unless, of course, severance has been requested and granted). It would *1130 be anomalous in that situation to bifurcate the action among the different defendants during the course of the proceedings merely because one of the codefendants creates a delay. In examining People v Bravman (89 Misc 2d 596, 599), a case involving multiple defendants, the court notes the following: "The history of the instant case has shown a series of successive adjournments requested by the several defense lawyers involved. The case is typical of many the court has seen where the difficulty of procuring the attendance of several busy practitioners to try a case involving multiple defendants results in long adjournments. It cannot have been the intent of the Legislature in drafting section 30.30 that the remedy for such a situation is a dismissal of the indictment. I therefore conclude that adjournments attributable to one or more defendants are excludable time as to all other defendants who did not object thereto.” (Emphasis supplied.) The Bravman court goes on to state (at 599) that "[ijmplicit in [CPL 30.30 (4) (d)] is an expression of legislative intent not to allow one defendant’s successive requests for adjournments to inure to the benefit of his codefendants, on a motion to dismiss.” Consequently, it is the opinion of this court that, for CPL 30.30 purposes, a case generally has only one beginning and one end. The number of defendants involved usually is not dispositive of the number of criminal actions that stem from a set of criminal charges.
In United States v Balagula (supra, at 398), the court, in referring to 18 USC § 3161 (h) (7) stated that "it has been held that the 'reasonableness’ requirement of (h) (7) does not apply where * * * there has been no motion for severance.” The court cited United States v Payden (supra), which stated that failure to move for severance is waiver of any claim that (h) (7) exclusion was not reasonable. Similarly, in People v Mendez (125 Misc 2d 1011), the court held that if one codefendant failed to make a motion for severance, he impliedly consented to the delay, and exclusions as to the one defendant were excludable as to all. In People v Rullo (117 AD2d 632), a case dealing with the constitutional right to a speedy trial, the court held that defendants were not denied to their speedy trial rights since they agreed to their codefendant’s requests for adjournments. Therefore, reasonableness, as contemplated by CPL 30.30, is in issue only when a motion for severance is made.
This court notes with interest the decision of People v Regan *1131 (110 Misc 2d 12, 15), where the court held that delays in felony cases which were excludable pursuant to CPL 30.30 (4) (d) were not excludable under the same provision at the preindictment stages of the prosecution since, "the section, by its wording, clearly contemplates postindictment delay, since no one is 'joined for trial’ nor is there any 'cause * * * for * * * a severance’ prior to indictment.” However, the court does go on to state (at 17) that "the considerations underlying paragraph (d) of subdivision 4 in the postindictment context apply with equal force to the preindictment stages.” The court then explains that while this may not be accomplished utilizing CPL 30.30 (4) (d), it may be effected via subdivision (4) (g). This technicality, which precludes exclusions through subdivision (4) (d) at the preindictment stage, however, is statutorily vitiated for the preconversion stages at the misdemeanor level. CPL 100.45 (1) which, in pertinent part, makes the provisions of CPL 200.40, governing severance of defendants for trial purposes, applicable to misdemeanor complaints at the preconversion stage. If severance of defendants for trial purposes is applicable to misdemeanor complaints, so must joinder of defendants be applicable at the preconversion stage; and, therefore, so must CPL 30.30 (4) (d) be applicable to misdemeanor complaints.
In reexamining the facts in the case at bar, one defendant was absent on October 23, 1986 and a bench warrant was ordered but stayed, and the court adjourned the matter for 32 days until November 25, 1986. The record clearly demonstrates that the adjournment was indeed due to the action of this one defendant and is clearly excludable as to him pursuant to CPL 30.30 (4) (c). No motions were made to sever by the remaining defendants, nor were any objections made on the record; consequently, reasonableness is not in issue in this case. Accordingly, pursuant to CPL 30.30 (4) (d), this court finds this 32-day period was excludable as to all defendants within this singular action, thereby extending People’s time within which to be ready on the entire action to January 31, 1987. The filing of the corroboration on January 14, 1987 and the contemporaneous statement of readiness fulfilled the People’s CPL 30.30 obligation. Consequently, defendants’ statutory right to a speedy trial was not violated and their motion to dismiss must be denied.