UNITED STATES of America,
Plaintiff,

v.

Anthony COLUMBO et al., Defendants.

No. 04 CR. 273(NRB).

United States District Court,
S.D. New York.

Nov. 22, 2005.

Benjamin Lawsky, Assistant United States Attorney, Southern District of New York, New York City, for Plaintiff.

William C. Cagney, Windels Marx Lane & Mittendorf, LLP, New Brunswick, NJ, Louis V. Fasulo, Aaron Goldsmith, Fasulo, Shalley & DiMaggio, LLP, New York City, Jeremy Schneider, Rothman, Schneider, Soloway & Stern, LLP, New York City, Murray Richman, Bronx, NY, Jay Goldberg, Law Offices of Jay Goldberg, New York City, Robert P. Leighton, New York City, Marion Seltzer, New York City, Vincent J. Martinelli, Staten Island, NY, Louis R. Aidala, New York City, Avrom Jerome Robin, Ira D. London, New York City, Jesse M. Siegel, New York City, Lawrence DiGiansante, Bronx, NY, Michael Marinaccio, Culletin, Marinaccio and Foglia, White Plains, NY, Alan M. Nelson, Lake Success, NY, Joseph V. Sorrentino, Staten Island, NY, Joseph R. Benfante, New York City, Curtis Jordan Farber, New York City, Gordon Mahler, New York City, for Defendants.

## MEMORANDUM AND ORDER

BUCHWALD, District Judge.

This criminal case arises from a multi-defendant, multi-count indictment.[1] Many of the charges relate to the activities of the Columbo Brothers Crew, described in the Indictment as "a criminal organization whose members and associates have en-

---

1. Nineteen defendants are named in the twenty-seven count Indictment. One of the defendants, Philip DioGuardi, is deceased.

gaged in numerous criminal acts, including extortion, the financing and making of extortionate extensions of credit and the collection of extensions of credit through extortionate means ... mail fraud, commercial bribery, and the operation of illegal gambling businesses." *See* Ind. at ¶ 1. The Government argues that this organization is a criminal "enterprise" within the meaning of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(4). *Id.* The twenty-seven counts of the Indictment are organized into five general groups: (1) "Racketeering Charges" (Counts One and Two); (2) "Gambling Charges" (Counts Three to Seven); (3) "Loansharking Charges" (Counts Eight to Nineteen); (4) "EDP Extortion and Related Fraud Charges" (Counts Twenty to Twenty–Four) and (5) "The DoubleClick Charges" (Counts Twenty–Five to Twenty–Seven).

The first motion schedule for this case was set during a conference held on March 15, 2005 and required the parties to complete briefing by August 5, 2005. Thereafter, counsel for the third named defendant, Christopher Columbo, pled guilty to criminal charges in the Eastern District of New York necessitating a substitution of counsel and revision of the original schedule.[2] The motion schedule was revised a final time in a letter order of this Court dated September 16, 2005. This letter invited counsel to raise any Speedy Trial objections promptly, and only one defendant ultimately objected. In a letter dated Oc-

tober 3, 2005, counsel for Francis Altieri ("Altieri") reiterated his earlier request for severance[3] and asserted a Speedy Trial Act objection. In light of the most recent scheduling change, a decision on Altieri's motion for severance and current Speedy Trial Act objection seems appropriate.[4]

At the outset, we note that counsel's assertion that Altieri "alone among the many defendants charged in the Indictment is not named in any of the Government's RICO charges" is inaccurate. *See* Oct. 3, 2005 Letter from William C. Cagney. In fact, the RICO counts of the Indictment (Counts One and Two) only name seven of the nineteen defendants, and Altieri is therefore certainly not the only defendant in this case who is not named in the RICO counts. *See* Ind. at ¶¶ 1–28.

It is, however, accurate that Altieri is only specifically named in Counts Twenty–Five, Twenty–Six and Twenty–Seven, collectively referred to as "The DoubleClick Charges" in the Indictment. *See* Ind. at ¶ 59–69. These counts allege a conspiracy among defendants Anthony Columbo, John Contino ("Contino") and Altieri that had as its object a scheme to defraud a company called DoubleClick, Inc. ("DoubleClick"). The Indictment alleges that Anthony Columbo and Contino together with Christopher Columbo unlawfully took control of one or more businesses (referred to in the Indictment as "EDP entities") that provided various construction and maintenance

2. The second briefing schedule was set during a conference held on June 30, 2005 and required the parties to complete all briefing by November 18, 2005. We note that all defendants other than Francis Altieri have either requested or consented to the various motion schedules set in this case and the related Speedy Trial Act continuances.

3. Altieri's motion for severance was filed on June 27, 2005. This motion also requested a bill of particulars and the issuance of certain

subpoenas. This decision will only address the severance issue.

4. Although the government has not formally responded to Altieri's motion, it responded to his more recent Speedy Trial Act objection and severance request in some detail in a letter dated October 10, 2005. The government has informed the Court that we can proceed to resolve these issues on the basis of that letter.

services to DoubleClick from 1999 to 2002. *See* Ind. at ¶ 50, 61. The Indictment further alleges that Anthony Columbo and Contino directed the EDP entities to double-bill DoubleClick and reached an agreement with Altieri, DoubleClick's facilities manager, to approve fraudulent invoices in exchange for kickback payments totaling $90,000. *See* Ind. at ¶¶ 60–61.

Contrary to assertions made by Altieri's counsel, evidence supporting the allegations against Altieri and his co-defendants in the DoubleClick Charges will also be important in establishing other counts of the Indictment. For example, the issue of Anthony Columbo's and Contino's corrupt influence and extortionate control over the EDP entities is central to the allegations made in Racketeering Acts Eight through Eleven set forth in Count One of the Indictment[5] as well as Counts Twenty through Twenty–Two ("EDP Extortion and Related Fraud Charges"). The fraudulent billing of DoubleClick is not only central to proving the DoubleClick Charges, but is also critical in establishing one of the underlying racketeering acts alleged in the first RICO count. *See* Ind. at ¶ 59–69; ¶ 26 (Racketeering Act Eleven).

## DISCUSSION

### I. Altieri's Request for Severance

Altieri argues that severance of his trial is appropriate under Rules 8(b) and 14 of the Federal Rules of Criminal Procedure.

For the reasons set forth below, Altieri's motion for severance is denied.

### A. Joinder of Defendants Under Rule 8(b)

▮ Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together if:

> [T]hey are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In a carefully worded memorandum, counsel for Altieri has endeavored to distance Altieri from other charges and defendants of the Indictment.[6] Counsel emphasizes that Altieri is only named in the last three counts of the Indictment, and that Counts Twenty–Five to Twenty–Seven charge Altieri with participation in a discrete commercial bribery scheme that is distinct from the illegal gambling and extortionate activities of many of his co-defendants.

While the Indictment alleges multiple conspiracies rather than one over-arching conspiracy involving all defendants, a review of the Indictment confirms that there are important links between the DoubleClick Charges and other counts. First, Altieri is not the only defendant named in Counts Twenty–Five to Twenty–Seven.

---

5. *See* Ind. at ¶ 23 (Racketeering Act Eight: Conspiracy to Extort EDP); ¶ 24 (Racketeering Act Nine: Extortion and Fraud in Connection with No–Show Job of Anthony Columbo's Immediate Family Member); ¶ 25 (Racketeering Act Ten: Extortion and Fraud in Connection with the No–Show Job of Philip Dioguardi); ¶ 26 (Racketeering Act Eleven: Commercial Bribery and Fraudulent Billing of DoubleClick, Inc.); ¶¶ 49–69.

6. Specifically, Altieri's counsel wrote that: "The only allegation against Mr. Altieri is that he accepted a $90,000.00 kickback, totally unrelated to the gambling RICO conspiracy making up the bulk of the indictment.... In sum, the allegations directed against Mr. Altieri are sparse and completely isolated from those directed against most other defendants." *See* Mem. of Law in Supp. of Francis Altieri's Mot. for Severance, Bill of Particulars and Authorizing Issuance of Subpoenas at 1.

Anthony Columbo and John Contino, two defendants who figure prominently throughout the remainder of the Indictment, are charged together with Altieri in the final three counts. Second, as discussed earlier, evidence concerning Anthony Columbo and Contino's corrupt influence and extortionate control over the EDP entities, which allegedly resulted in DoubleClick paying for fraudulent invoices and no-show jobs, is relevant to multiple counts of the Indictment. Third, the fraudulent billing of DoubleClick is not only at issue in the DoubleClick Charges, it is also central to the allegations set forth in Racketeering Act Eleven of Count One.

Although Mr. Altieri is only a named defendant in the final counts of the Indictment, we find that joinder is appropriate under Rule 8(b) because the Indictment presents a related "series of acts or transactions" linking the facts and defendants in the DoubleClick Charges with other counts of the Indictment. *See United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990)(joinder appropriate where criminal acts are "unified by some substantial identity of facts or participants").

### B. Severance Pursuant to Rule 14

■ Rule 14 of the Federal Rules of Criminal Procedure grants district courts significant discretion in ordering severance or other relief when the consolidation of offenses or defendants "appears to prejudice a defendant or the government." Fed. R. Crim P. 14(a). However, the Second Circuit has observed that "[t]he principles that guide [a] district court's consideration of a motion for severance usually counsel denial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir.1993).

■ While we understand some of the personal reasons that Mr. Altieri might prefer to have charges against him re-

solved sooner rather than later, there are many other important considerations for this Court. In general, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Joint trials frequently promote efficiency by conserving judicial resources, alleviating the burden on jurors, and avoiding repetition of witness testimony in multiple trials. *United States v. Lyles*, 593 F.2d 182, 191 (2d Cir.1979). *See also United States v. Casamento*, 887 F.2d 1141, 1150 (2d Cir.1989) ("[B]y and large, joinder promotes judicial efficiency"). Severance is appropriate only when a defendant shows that "there is a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933. No such showing has been made here.

■ Although Altieri's counsel broadly claims that it is "fundamentally unfair to permit the Government to try its simple, discrete kickback allegation against Mr. Altieri in a massive RICO trial that involves numerous racketeering acts and threats of violence,"[7] we see no reason why a jury would be unable to make a reliable judgment about Altieri's guilt or innocence in a joint trial. In addition, "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Scarpa*, 913 F.2d 993, 1015 (2d Cir.1990) (quoting *United States v. Chang An–Lo*, 851 F.2d 547, 557 (2d Cir.1988)).

Because we find that factual issues related to the EDP entities and DoubleClick are relevant to multiple counts of the in-

7. Oct. 3, 2005 Letter from William C. Cagney.

dictment and that Mr. Altieri will not be unduly prejudiced by a joint trial, Altieri's request for severance under Rule 14 is denied.

## II. Speedy Trial Act Objection

■ Altieri also objects to the revised briefing schedule and argues that delay of trial is inconsistent with the requirements of the Speedy Trial Act. Altieri is the only defendant in this case to assert such an objection, and we find his argument unpersuasive.

The briefing schedule in this case was most recently revised because new counsel for one of Altieri's co-defendants, Christopher Columbo, informed this Court on September 9, 2005 that he was absolutely unable to comply with the schedule set for all parties during a conference held on June 30, 2005. Under the previous schedule, briefing would have been completed on November 18, 2005. Under the current schedule briefing will be completed on February 13, 2006.

■ While the consequent delay may be frustrating, it cannot be attributed to either the Government or this Court. More importantly, the Speedy Trial Act authorizes exclusions of time for "delay resulting from any pretrial motion" as well as "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(1)(F); 18 U.S.C. § 3161(h)(7). The briefing schedule was revised to permit new counsel for Christopher Columbo to fully review discovery[8] and to file motions on Mr. Columbo's behalf. "Under the Speedy Trial Act, delay attributable to one defendant is

charged to all codefendants." *See United States v. Gambino,* 784 F.Supp. 129, 138 (S.D.N.Y.1992)(citing *United States v. Piteo,* 726 F.2d 50, 52 (2d Cir.1983); *United States v. Pena,* 793 F.2d 486, 489 (2d Cir. 1986)). The delay in the trial of this matter is only attributable to the unusual circumstances that required a substitution of counsel and the consequent delay in the briefing of motions.[9] Mr. Altieri's Speedy Trial Act objection is therefore overruled.

**SO ORDERED.**

---

8. Discovery produced by the Government in this case has been extensive, including tapes with thousands of wiretap recordings and associated line sheets as well as a significant amount of documentary evidence.

9. We also note that this Court did not grant the full extent of the adjournment in the briefing schedule requested by new counsel for Christopher Columbo.