**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Christopher DENNIS and William McCoy, Defendants-Appellants.**

**Nos. 83–2383, 83–2433.**

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1984.

Decided June 14, 1984.

Certiorari Denied Oct. 1, 1984.

See 105 S.Ct. 215.

David R. Freeman, Federal Public Defender, East St. Louis, Ill., William D. Stiehl, Jr., Belleville, Ill., for defendants-appellants.

Laura J. Jones, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before ESCHBACH and FLAUM, Circuit Judges, and JAMESON, Senior District Judge.*

JAMESON, Senior District Judge.

Christopher Dennis and William McCoy filed separate appeals from a judgment of conviction following a jury verdict finding both defendants guilty of conveying homemade knives within the United States Penitentiary at Marion, Illinois, in violation of 18 U.S.C. § 1792. The appeals were consolidated for argument. We affirm the conviction of both defendants.

## I. *Factual Background*

On May 23, 1982 prison officials observed two inmates attempting to climb on to the roof of the north corridor at the federal penitentiary in Marion, Illinois. When the alarm sounded, both inmates dropped to the ground and walked away. As they were leaving the north corridor, each dropped an object from inside his coat to the ground. Officials cleared and searched the area immediately and discovered two homemade knives. They also identified Dennis and McCoy as the two inmates.

## II. *Contentions on Appeal*

Both appellants contend that the district court committed reversible error in denying (1) their request for a recess following voir dire to permit the defendants and their counsel to confer out of the jury's presence regarding the exercise of peremptory challenges; (2) a motion for mistrial after a government witness testified to an "escape attempt", and (3) motions for judgment of acquittal. In addition, appellant Dennis contends that he was denied a speedy trial under the Speedy Trial Act of 1974 as amended, 18 U.S.C. § 3161.

---

* Hon. William J. Jameson of the District of Montana, sitting by designation.

### III. *Request for Recess after Voir Dire*

■ At the conclusion of voir dire, appellants' counsel requested a recess to confer with their clients out of the jury's presence about the use of their peremptory challenges. The court denied the request but granted additional time to confer in the courtroom. Appellants contend that they were denied a fair trial "because of the restrictions placed on their ability to confer with counsel concerning the exercise of their peremptory challenges."

In *United States v. Mackey*, 345 F.2d 499 (7th Cir.), *cert. denied*, 382 U.S. 824, 86 S.Ct. 54, 15 L.Ed.2d 69 (1965), we held:

> The manner in which peremptory challenges are exercised is within the sound discretion of the trial court, and in the absence of violation of settled principles of criminal law, federal statutes, or constitutional rights of defendant, such discretion is not abused.

*Id.* at 502. (citations omitted). Appellants fail to point out any settled principle of criminal law, federal statute or constitutional right contravened by the court's practice in this case. We find no abuse of discretion by the district court. Moreover, appellants have failed to demonstrate that they suffered more than inconvenience in conferring with counsel out of the hearing but in the presence of the jury. Any conceivable error was harmless and not a ground for reversal. Fed.R.Crim.P. 52(a); 28 U.S.C. § 2111.

### IV. *Motion for Mistrial*

■ Prior to trial the parties agreed that no comments would be made and no testimony elicited concerning the escape attempt since the defendants had not been charged with escape. At no time during its opening statement or closing arguments did the prosecution allude to an attempted escape. On direct examination, however, one government witness mentioned "an escape attempt." Defendants moved for a

mistrial, but the court denied the motion after the government explained that the testimony was inadvertent and sought to caution the witness against returning to the prohibited subject. Defendants objected to these preventive efforts, and the district court "let it go at that." [1] Apparently, no cautionary instruction was requested or given and no motion to strike was made.

In *United States v. Phillips*, 640 F.2d 87, 91 (7th Cir.), *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981), this court held that "[d]enial of a motion for mistrial will not be reversed unless the denial amounts to an abuse of discretion by the trial court." We affirmed denial of the motion in *Phillips* under facts considerably more compelling than those argued here. Consequently, we find no abuse of discretion here when the court was evidently willing to cure any possible prejudicial effect of the witness's remark but was met by defense objections.

### V. *Motion for Judgment of Acquittal*

At the close of the government's case and again at the close of all of the evidence, appellants moved for acquittal. The district court denied both motions. Appellants contend "in light of the lack of evidence introduced by the government ... no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

■ The standard for appellate review of a motion for judgment of acquittal is the same as the standard applied by the trial court:

> The rule has long been established that when ruling on a motion for acquittal the test that the court must use is whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government ... bear[ing] in mind

---

**1.** After government counsel proposed that he be permitted to caution the witness against any further reference to the escape attempt, the court said: "Let the record show that you [Government Counsel] made the offer and that the Defendants objected to it so that clears the record. You tried to straighten out and avoid errors and the Defendants objected to that so we will let it go at that."

that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences."

*United States v. Beck*, 615 F.2d 441, 447–48 (7th Cir.1980) (quoting *United States v. Blasco*, 581 F.2d 681, 684 (7th Cir.), *cert. denied*, 439 U.S. 966, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978)). The record contains ample evidence from which a jury reasonably could and did find the appellants guilty beyond a reasonable doubt. Correctional officers testified that Dennis and McCoy were observed through binoculars when they each dropped an object to the ground after leaving the north corridor wall. Officers immediately searched the area and found the two knives. Appellants contend that no evidence connects them with the knives. The jury, however, clearly could have drawn a reasonable inference that the objects appellants dropped were in fact the knives. This inference is particularly appealing because officers testified that no other objects were found in the area. Certainly the evidence was circumstantial, but we conclude that it was "relevant evidence from which the jury could reasonably find [the defendants] guilty beyond a reasonable doubt." See also *United States v. Moya*, 721 F.2d 606, 609–10 (7th Cir.1983) (reaffirming the "reasonable doubt" test in reviewing sufficiency of evidence). The district court, therefore, did not err in denying appellants' motion for judgment of acquittal.

## VI. *Speedy Trial*

Appellant Dennis contends that his conviction must be reversed because his trial did not begin within the 70-day period provided under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).[2] The government offers two responses: (1) Dennis' trial was timely if we exclude, under 18 U.S.C. § 3161(h)(7), the time necessary to bring McCoy to trial; and (2) Dennis' trial was also timely if we

exclude, under section 3161(h)(1)(F), the time devoted to pretrial motions.

Both Dennis and McCoy were indicted by a grand jury on January 20, 1983 and joined for trial. Dennis' 70-day limit began to run on January 26 when he was arraigned before the United States Magistrate, who scheduled his trial for March 7. McCoy could not be arraigned immediately because he had been transported out of the district on a preceding writ of habeas corpus ad prosequendum for prosecution on a different charge in federal court in Kansas. In the meantime, Dennis filed pretrial motions on February 15, and the court ruled on them at a pretrial conference on February 28. On March 3 the government moved to continue Dennis' trial. The court granted the motion on March 29, 1983 and set a new trial date.

McCoy was finally arraigned on April 15, and on May 4 Dennis unsuccessfully moved to dismiss the indictment for failure to accord him a speedy trial. McCoy then moved to continue the trial, and the court granted McCoy's motion on May 11. Again Dennis moved to dismiss on speedy trial grounds on May 16. The court denied the motion on June 11, finding the delay was not unreasonable and was excludable under section 3161(h)(7) because Dennis had not moved to sever his case from that of his codefendant McCoy. Trial finally began on June 20.

■ 18 U.S.C. § 3161(h)(7) excludes from the time within which trial must begin "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." It is well established under this section that the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance. See *United States v. Campbell*, 706 F.2d 1138, 1140–43 (11th Cir.1983); *United*

**2.** 18 U.S.C. § 3161(c)(1) provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the

filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs...."

*States v. Fogarty,* 692 F.2d 542, 546 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983). As appellant points out, these cases treat specific delays arising from the motion practice of codefendants. The issue before us, however, is a more general one, namely whether the district court can exclude from Dennis's speedy trial period the delay in bringing McCoy to trial. The legislative history of section 3161(h)(7) convinces us that the delay attributable to McCoy is excludable as to Dennis as long as it was reasonable.

In determining whether the delay was reasonable we are guided by the purpose Congress intended to serve when it enacted section 3161(h)(7). As the court observed in *United States v. Novak,* 715 F.2d 810, 814 (3d Cir.1983): "The Legislative history of section 3161(h)(7) illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded." According to the 1974 Senate Report,

> The purpose of the provision is to make sure that [the Senate Bill] does not alter the present rules of severance of codefendants by forcing the government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162.

S.Rep. No. 1021, 93d Cong., 1st Sess. 38 (1974) (quoted in *United States v. Novak,* 715 F.2d at 814). The Senate Report on the 1979 amendments to the Speedy Trial Act further emphasizes that section 3161(h)(7) was intended to help avoid "the time, expense and inconvenience of separate prosecutions." S.Rep. No. 212, 96th Cong., 1st Sess. 24 (1979). Finally, when computing the time excludable under section 3161(h)(7), the courts have specifically selected formulas that will promote a joint trial under the particular facts of the case. See, *e.g., United States v. Novak,* 715 F.2d at 815; *United States v. Campbell,* 706 F.2d at 1141–42.

Whether the delay was reasonable will depend on the facts of each case. There is no doubt that the delay was reasonable here: McCoy was in custody and his whereabouts known at all times; while the government did not know precisely when McCoy could be produced, there was never any doubt that he would be produced; the delay was necessary to insure a joint trial; the 144-day delay preceding Dennis's trial was not "presumptively prejudicial" under the terms of *Barker v. Wingo,* 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); and Dennis at no time moved to sever his case and had failed to allege any substantial prejudice resulting from the delay. This case is distinguishable from *United States v. Didier,* 542 F.2d 1182 (2d Cir.1976), where retrial of a defendant was delayed 28 months largely because a codefendant was a fugitive.

Finally, we note that whatever formula we use to compute the excluded time will not alter our conclusion. The *Guidelines to the Administration of the Speedy Trial Act,* produced by the Judicial Conference of the United States, suggest starting and ending dates for the exclusion under section 3161(h)(7):

> *Starting date.* The day following the day that would otherwise have been the last day for commencement of trial for the particular defendant.
>
> *Ending date.* Subject to the "reasonableness" limitation, the latest permissible date for commencement of the trial of any codefendant with whom the defendant is joined for trial. Alternatively, if earlier, the date on which the defendant's joinder ends because severance is granted, the codefendant pleads guilty, or other reasons.

*Guidelines* at 52.

If we were to follow the *Guidelines,* the last day for Dennis' trial would have been April 20.[3] Taking April 21 as the starting

---

**3.** This computation excludes 14 days devoted to Dennis' pretrial motions under section 3161(h)(1)(E) and (G). We need not decide

whether additional periods, including proceedings on the government's motion to continue, Dennis' motions to dismiss, and McCoy's subse-

date, there is no question that the trial on June 20 was well within the excluded time under section 3161(h)(7). We decline, however, to select a single formula for computing the excluded time because, as other courts have observed, the purposes of the Speedy Trial Act may be undermined by rigid adherence to one formula. See *United States v. Novak*, 715 F.2d at 815; *United States v. Campbell*, 706 F.2d at 1142. We conclude that under the facts of this case the delay occasioned in bringing McCoy to trial was excludable from Dennis's 70-day speedy trial period. Consequently, Dennis received a timely trial under the Speedy Trial Act.

The convictions of both defendants are AFFIRMED.

quent motions, are excludable under other sub-

sections of section 3161.