**UNITED STATES of America, Plaintiff,**

**v.**

**Paul E. ROBINSON, et al., Defendants.**

**Crim. No. 88–30021.**

United States District Court,
S.D. Illinois.

May 16, 1989.

Clifford J. Proud, Asst. U.S. Atty., East St. Louis, Ill., for U.S.

Robert W. Ritchie and David M. Eldridge, Knoxville, Tenn., for Paul E. Robinson.

Burton H. Shostak and D.J. Kerns, Clayton, Mo., for Daniel Robinson.

Richard H. Sindel, Clayton, Mo., for Dillard Woods.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court are separate motions of defendants Paul Robinson, Daniel Robinson and Dillard Woods to Dismiss the Indictment for Lack of Speedy Trial (Docs. # 143, 164, 191). In support of their motions, each defendant cites to the fact that he has been detained without bail since arrest, and that the trial of this matter has not commenced within seventy days of indictment. The defendants assert that their rights to a speedy trial have been violated.

In addition, the defendants each assert that the delay in bringing this cause to trial has resulted in oppressive pretrial incarceration, has caused each substantial anxiety, and that the length of incarceration has limited the defendants' access to counsel.

## BACKGROUND

Defendants Paul E. Robinson and Dillard E. Woods were arrested on a complaint on April 13, 1988. They, along with Paul's brother, Daniel W. Robinson, Edward E. Alvarez and Serafin Hernandez were indicted by the grand jury on April 18, 1988 in a four-count indictment charging the five defendants with conspiracy to distribute, and interstate distribution of, large quantities of cocaine, a Schedule II Narcotic Controlled Substance.

This Court has previously found that the operation in which these defendants are involved "is easily characterized as a major drug distribution organization, operating from Colombia [Central America] through Miami to St. Louis," *Amended Memorandum and Order*, 88–30021, slip op. at 13, 1990 WL 34678 (March 24, 1989) (Stiehl, J.) (Doc. 217); *see also, Memorandum and Order*, 88–30021, 1988 WL 188147 (Sept. 9, 1988) (Stiehl, J.) (Doc. 115).

Defendants Paul Robinson and Woods were arraigned on April 19, 1988. Defendant Daniel Robinson was arraigned on May 16, 1988. Defendants Paul Robinson, Daniel Robinson and Woods have been detained awaiting trial since their respective arraignments. Defendant Hernandez was arraigned in the United States District Court for the Southern District of Florida on April 25, 1988. Hernandez posted an appearance bond in the amount of $50,000, but failed to appear at his arraignment before this Court on June 30, 1988. As of the date of this Order, Hernandez remains a fugitive. Alvarez also remains a fugitive.

Between April 28, 1988 and the date of this Order, in excess of 90 motions have been filed or adopted by the three defendants who have appeared in this Court. Of those motions, in excess of 50 were substantive pretrial motions, including numerous motions to suppress and two motions for release on bond, all of which required evidentiary hearings. Although a few motions are still pending, the majority of the motions filed have been ruled upon by this Court.

In addition, on October 26, 1988, defendant Woods moved for transfer to the United States Medical Center for Federal Prisoners at Springfield, Missouri for medical treatment. The defendant's motion was granted on the same day and Woods was transferred to the Medical Center, on Octo-

ber 28, 1988, and did not return to this district until February 2, 1989.

Recently filed, and pending before the Court are motions for in camera inspection of grand jury proceedings, as well as several additional recently filed motions.

## APPLICATION OF LAW

In ruling on defendants' motions to dismiss, the Court must address the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and determine the time that has elapsed under the Act. In determining the time that has elapsed, the time that is excludable, as provided in the Act, must be determined.

### A. LATEST DEFENDANT ARRAIGNED

■ The latest arraignment of a defendant in this action was the arraignment of Daniel Robinson on May 16, 1988. The Supreme Court in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) addressed the determination of excludable time under the Speedy Trial Act. As the Court noted in a case with codefendants, the Speedy Trial clock for all defendants is tied to the last defendant's arraignment. "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant [to be arraigned]. *See* 18 U.S.C. § 3161(h)(7)." *Id.* 106 S.Ct. at 1873 n. 2. Time began to run for codefendants, Paul Robinson, Daniel Robinson and Woods, therefore, on May 16, 1988. On that date, however, numerous pretrial motions had already been filed by defendants Woods and Paul Robinson. Therefore, as of May 16, 1988, no time had run as to defendants Paul Robinson and Woods.

### B. DELAY ATTRIBUTABLE TO DEFENDANTS' PRETRIAL MOTIONS REQUIRING HEARINGS

■ 18 U.S.C. § 3161, in part provides that the following periods of delay shall be excluded in computing the time in which the trial of a criminal offense must begin:

(h) The following periods of delay shall be excludable ... in computing the time within which the trial of an offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(F) delay resulting from any pretrial motion from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . . . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

The Supreme Court in *Henderson*, addressed at length the issue of excludable time in criminal matters. The Court held that Section 3161(h)(1)(F) excludes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" 106 S.Ct. at 1876. The Court found that Subsection (F) does not impose a time limitation on the excludable period nor require that the period of delay be "reasonable," as provided elsewhere in the Act. *Id.*

Among the fifty-plus substantive motions filed, this Court has held evidentiary hearings on three motions to suppress, two motions for release on bond and three motions, filed by the government, to disqualify defendants' prior counsel.

The Court finds all time from the filing of the Motion to Suppress Evidence and Statements by Paul Robinson on April 28, 1988 through the final hearing on October 21, 1988 to be excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). Also excludable are the five days from October 21, 1988 through October 26, 1988 in which the defendants were given leave to file additional memoranda of law. *United States v. Montoya*, 827 F.2d 143 (7th Cir.1987); *United States v. Piontek*, 861 F.2d 152 (7th Cir. 1988). Pursuant to § 3161(h)(1)(J) the time period during which the Court took the motions to suppress under advisement,

from October 26, 1988 through November 23, 1988, is also excludable. 18 U.S.C. §§ 3161(h)(1)(F), and (h)(1)(J).

### C. ABSENCE FROM THE DISTRICT OF CODEFENDANT WOODS

 Woods' absence from the district for the purpose of medical treatment is also excludable time, and tolls the Speedy Trial clock as to all defendants. 18 U.S.C. § 3161(h)(7) excludes from speedy trial time, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." As the Seventh Circuit stated in *United States v. Dennis*, 737 F.2d 617, 620 (7th Cir.), *cert. denied*, 469 U.S. 868, 105 S.Ct. 215, 83 L.Ed.2d 145 (1984), "It is well established under this section [3161(h)(7)] that the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance." The court noted that delay attributable to one defendant is attributable to other codefendants as long as that delay is reasonable. *Id.* The court stated, however, that the determination of whether the delay was reasonable is to be made on a case by case basis.

The *Dennis* court looked to the congressional purpose behind the enactment of § 3161(h)(7). Among the interests of Congress was the preference for joint trials of codefendants. The court quoted favorably the Third Circuit ruling in *United States v. Novak*, 715 F.2d 810, 814 (3d Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984): "The Legislative history of section 3161(h)(7) illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded." 737 F.2d at 621.

In finding that the delay was reasonable in *Dennis*, the court focused on the fact that the absent defendant was in federal custody out of the district on a writ, and, although his exact return to the district was unknown, his whereabouts were known at all times. The court further found that the 144 day delay due to the absence was not "presumptively prejudicial" under *Barker v. Wingo*, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

Applying the reasonableness standards of *Dennis*, the Court finds that the delay attributable to Woods' absence from the district was reasonable and is excludable as to all codefendants. Woods was absent from the district for some 97 days for medical treatment; however, he was in custody throughout that time and his location was known at all times. Although neither the government nor the defendants' counsel knew exactly when Woods would be returned to the district, there "was never any doubt that he would be produced." 737 F.2d at 621. Furthermore, the delay was necessary to ensure a joint trial. Therefore, the Court finds that the delay attributable to Woods' absence from the district was not "presumptively prejudicial" under the standards of *Barker*, and is excludable as to all defendants in accordance with § 3161(h)(7).

### D. DEFENDANT PAUL ROBINSON'S MOTION FOR RELEASE ON BOND

On December 29, 1988, Paul Robinson filed a motion for release on bond. The Court held an evidentiary hearing on the motion on March 10, 1989, took the matter under advisement, and issued its memorandum opinion on March 24, 1989 denying defendant's motion. For the same reasons discussed previously, the Court finds that the time from filing the motion through the Court's ruling, that is from December 29, 1988 to March 24, 1989, to be excludable time as to all defendants pursuant to §§ 3161(h)(1)(F), (h)(1)(J).

### E. DELAY RESULTING FROM THE DISQUALIFICATION OF DEFENSE COUNSEL

 On February 7, 1989, the government filed motions to disqualify each of the defense counsel. After a hearing on the matter, and review of in camera materials, the Court, on February 9, 1989, granted the government's motions and disqualified the

defense counsel on various grounds. (Docs. 178, 179 and 180). Defendants were granted 20 days to secure counsel. Defendants' current counsel entered their respective appearances on March 3, 1989 on behalf of Paul Robinson, March 7 on behalf of Woods and March 10, on behalf of Daniel Robinson. At the hearing on March 10, 1989, the Court made a finding that due to the complexity of the case, and the recent entries of the new defense counsel, and the need for defense counsel to be adequately prepared for trial, a continuance from the April 11, 1989 setting was necessary, and that the ends of justice outweighed the best interest of the public and the individual defendants in a speedy trial. (Tr. 3/10/89 pp. 76–85). Section 3161(h)(8)(A) provides for the exclusion of:

> Any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Therefore, the Court finds that the time from February 7 to February 9 to be excludable pursuant to § 3161(h)(1)(F) and (h)(1)(J). The time during which the defendants were granted leave to acquire new counsel is also excludable. *Accord, Montoya,* 827 F.2d at 153. Therefore, the time from February 9, 1989 to March 1, 1989 is excludable as to all defendants. In addition, the court finds that the time from April 11, 1989 through May 31, 1989 to be excluded under § 3161(h)(8)(A) as to all defendants.

## F. ADDITIONAL PRETRIAL MOTIONS

■ On March 21, 1989, defendant Woods filed some twenty-three additional pretrial motions. The government was granted leave to file its responses through April 7, 1989. The Seventh Circuit, in *United States v. Latham,* 754 F.2d 747 (7th Cir.1985), discussed the computation of excludable time with respect to the ruling on multiple pretrial motions. The *Latham* court found that the standard was "reasonable promptness" rather than 30 days as set forth in § 3161(h)(1)(J). Accordingly, the Court finds excludable all time from March 21, 1989 through the disposition of the last of Woods' motions. As the court in *Dennis,* 737 F.2d at 620 stated, excludable time for disposition of Woods' motions is ascribed to all codefendants.

## G. FUGITIVE DEFENDANTS

■ In addition to the plethora of pretrial motions, the Court notes that there are two defendants in this case who remain fugitives. The government has submitted for in camera review, under seal, the affidavits of DEA Special Agents Michael A. Braun and Darrell D. Skaggs, concerning efforts made to locate the two fugitive defendants.

Pertinent sections of the Act, specifically 18 U.S.C. § 3161(h)(3)(A) and (B) read together with § 3161(h)(7), govern the time that shall be excluded when the situation of fugitive codefendants exists.

> (h) The following periods of delay shall be excludable ... in computing the time within which the trial of any offense must commence:
>
> . . . .
>
> (3)(A) Any period of delay resulting from the absence or unavailability of the defendant ...
>
> > (B) For purposes of subparagraph (A) of this paragraph, a defendant ... shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.
>
> . . . .
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The Supreme Court in *Henderson,* recognized that "[a]part from this single instance [§ 3161(h)(7) ], every other provision [of the Act] provides for exclusion of 'any period of delay.' ... As the court of ap-

**1348**

peals concluded: 'The difference between (7) and (1) through (6) is a strong indication that exclusion of the periods defined in (1)–(6) was intended to be automatic.' " 106 S.Ct. at 1875 (citations omitted).

Upon review of the in camera affidavits, the Court is satisfied that the whereabouts of defendants Hernandez and Alvarez cannot be determined by due diligence. The affidavits reveal that the DEA's attempt to locate these defendants has been ongoing since their indictment and still continues. The Court further finds that the measures taken by the DEA display duly diligent efforts to locate these defendants. (*Compare, United States v. Felton*, 811 F.2d 190 (3d Cir.1987) *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987)). The Court is convinced that these defendants appear to be attempting to avoid prosecution in this matter.

Accordingly, the Court finds that Hernandez and Alvarez are "absent" within the meaning of 18 U.S.C. § 3161(h)(3)(A) and (B), and that the delay resulting from their absence is excludable under the Speedy Trial Act.

The Court further finds that the delay due to the absence of the fugitive defendants is excludable as to codefendants Paul Robinson, Daniel Robinson and Dillard Woods for a reasonable period of time. 18 U.S.C. § 3161(h)(7); *Dennis*, 737 F.2d at 621.

Throughout the absence of Hernandez and Alvarez, the speedy trial time has been tolled on other grounds applicable to movants. The Court, therefore, makes no finding as to the excludable time attributable to the fugitive defendants and applicable to the movants.

### CONCLUSION

In summary, the Court finds that due to the various excludable periods of time ascribed to all defendants, no time has run as to any defendant before this Court under the Speedy Trial Act. Accordingly, the independent motions of defendants Paul Robinson, Daniel Robinson and Woods to dismiss the indictment for lack of speedy trial are DENIED.

IT IS SO ORDERED.