**UNITED STATES of America,**

v.

**Darius BYRD, et al., Defendants.**

**No. 06 Cr. 580(JSR).**

United States District Court, S.D. New York.

Dec. 26, 2006.

---

Jessica Ann Masella, Samidh Guha, U.S. Attorney's Office, New York, NY, for United States of America.

Bobbi C. Sternheim, Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, Anthony L. Ricco, Michael Alan Young, Michael A. Young, Esq., Avraham Chaim Moskowitz, Moskowitz & Book, LLP, David S. Greenfield, Denis Patrick Kelleher, Jr., Kelleher & Dunne LLP, Marion A. Seltzer, George Robert Goltzer, New York, NY, Howard Lester Jacobs, for Defendants.

## OPINION AND ORDER

RAKOFF, District Judge.

Defendant Jermail Manuel moves for severance and for the trial of his case to begin on February 26, 2007, on the ground, *inter alia,* that the extended delays that will occur while the Government determines whether to seek the death penalty for the five co-defendants the Government has designated as eligible for the death penalty will deprive him of a speedy trial. For the reasons set forth below, the Court grants the motion.

The instant indictment, filed July 12, 2006, charges Manuel with, among other charges, participating with various of his eleven co-defendants in a racketeering conspiracy and a narcotics conspiracy. Even on the face of the indictment, however, his crimes are not as severe as the five of the co-defendants who have been designated by the Government as eligible for the death penalty. In particular, Manuel is not alleged to be involved in the two murders that form the basis of the death-eligible designations.

Rule 14(a), Fed.R.Crim.P., provides that if the joinder of defendants for trial appears to prejudice a defendant or the Government, the Court may sever the trials or provide such other relief as justice requires. The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* requires that a defendant's trial begin within 70 days after his indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). Normally, a delay beyond the 70–day period attributable to joinder with one or more co-defendants is not a ground *per se* for a severance because the Speedy Trial Act contains an express exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Interpreting this provision, the Second Circuit has held that cases involving multiple defendants are ordinarily governed by a single speedy trial clock and that delay attributable to any one

defendant is charged against the single clock, thus making the delay applicable to all defendants. *See United States v. Pena*, 793 F.2d 486, 489 (2d Cir.1986); *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983). "The only inquiry made in such multiple defendant cases is whether the delay is 'reasonable.'" *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir.1995). Moreover, a defendant must expressly move for severance on the ground of seeking a speedy trial to trigger this reasonableness requirement. *See United States v. Vasquez*, 918 F.2d 329 (2d Cir.1990).

Here, an initial pre-trial conference was held on August 11, 2006, by which time the Government had already designated five of the defendants as eligible for the death penalty. The Government indicated that it would need eight months to determine whether it would, in fact, seek the death penalty for these defendants. *See* transcript 8/11/06, at 11–12. Based on this representation and the other facts as they then appeared, the Court scheduled a subsequent conference for April 11, 2007 and excluded from Speedy Trial Act calculations all the time up through that date, pursuant to the "catch-all" exclusionary provision of 18 U.S.C. § 3161(h)(8) ("ends of justice"). *Id.* at 14.

No defendant raised express objections to this exclusion,[1] but Manuel expressly indicated that he would be bringing the instant motion to sever. *Id.*, at 12. The Court set October 20, 2006 for the making of a severance motion, or any other pretrial motion, by any defendant (though without prejudice to a defendant's making additional motions, other than discovery motions, at the April 11th conference). *Id.* at 13–14. The Government's answering

papers were due on November 11th, defendants' reply papers on December 1st, and oral argument on December 8th. *Id.*[2]

In the end, only defendant Manuel moved for severance, raising as his grounds various forms of prejudice (e.g., spill-over from the murder evidence, being judged by a death-penalty jury), expressly including violation of defendant's right to a speedy trial. Kelleher Aff. dated October 24, 2006, at 6. Following oral argument on December 8, 2006, the Court gave the parties a short period for additional briefing, which has now been received.

The Government's latest papers reveal that it will not come close to meeting its April 11, 2007 estimate for determining whether to authorize the death penalty. In its letter brief dated December 18, 2006, the Government states that it now expects to receive the relevant submissions from the affected parties within the next four to six months (i.e., through June), and only thereafter will the U.S. Attorney's Office undertake to make a recommendation to the Attorney General on the capital authorization decision. *Id.* at 3. No timetable has been offered as to when the Attorney General will then make his final decision, but it undoubtedly will take weeks or months. This is consistent with this District's general experience in death penalty cases, in which determination of whether or not to seek the death penalty is frequently not decided until a year or more after indictment.

Given that the Government has designated no fewer than five of Manuel's co-defendants as eligible for the death penalty, sheer probability suggests that one or more will be recommended for the death

---

1. *But cf. Zedner v. United States*, —— U.S. ——, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006)(rights afforded by the Speedy Trial Act cannot be waived prospectively).

2. Each of these dates, except for oral argument, was subsequently moved a few days on consent.

penalty, in which case, judging again from this District's experience, the case may not be brought to trial until years after indictment. Even if that proves not to be the case, the Government's own current estimates suggest that the trial of this case, so far as the death-eligible defendants are concerned, will not likely occur before next Fall, at earliest. From the standpoint of a defendant like Manuel who is not eligible for the death penalty, who has pleaded not guilty, who is being detained without bail, and who has expressly invoked his Speedy Trial rights, such a delay is unreasonable and totally at variance with the fundamental purposes of the Speedy Trial Act. The Government has not pointed the Court to a single decision of the Second Circuit Court of Appeals approving a delay of anywhere near this length.

The Court has also considered whether the delay here sought qualifies for exclusion under any of the other provisions of the Speedy Trial Act. There is no doubt that the period of the briefing of the instant motion and of its consideration by the Court qualifies for exclusion, 18 U.S.C. § 3161(h)(1), but this only serves to start the 70–day clock running today (December 26, 2007)—thereby permitting trial on February 26, 2007, but not much thereafter. As for § 3161(h)(8), the catch-all provision that allows courts to exclude any period of time on a finding that the ends of justice are best served by such an exclusion, this Court declines to use § 3161(h)(8) to accomplish what could not be accomplished under § 3161(h)(7). *See United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir.1986)("Subsection (h)(7) treats exclusions of time because co-defendants are in the case, not subsection (h)(8).... [H]olding that a complex multiple defendant case is enough to toll the Act under subsection (h)(8) would emasculate the specific separate provision in subsection (h)(7).")

More generally, while there is a clear preference in the judicial system for jointly trying defendants who are indicted together, chiefly on the grounds of efficiency, *see United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir.2003), it cannot be that Congress intended that the mere happenstance of being indicted along with someone who is death-penalty eligible means that a defendant will not be afforded the important and substantial rights provided under the Speedy Trial Act, and instead be subject to delays of months, or, more likely, years, simply because the additional trial would result in a few extra weeks' work for the judicial system. Indeed, when Congress enacted the Speedy Trial Act in 1974, Pub.L. No. 93–619, 88 Stat. 2076, the death penalty was in moratorium following the Supreme Court decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)(per curium), and so Congress was not called upon to consider the vicissitudes of this situation.

As for the Government's argument that it will be prejudiced by having to try its case twice, that argument proves too much, since it would follow that no severance would ever be granted. Moreover, the expected trial length in this case is only a few weeks, and the Government has failed to specify with any particularity how presenting its proof twice will materially prejudice it in this particular case.

Accordingly, defendant's motion for severance is hereby granted, and trial of defendant Manuel will go forward on February 26, 2007 (a date putatively chosen by the Court and counsel at the December 8 hearing). As noted, no other defendant moved for severance on October 20, 2006. Nonetheless, if there is any other non-death-eligible defendant who wishes to be tried on February 26, 2007, that will also be permitted *provided* that each such de-

fendant and his respective counsel submits to the Court, by no later than January 16, 2007, sworn affidavits, attesting to that desire and to their willingness to commence trial, without fail, on February 26, 2007.

SO ORDERED.